PER CURIAM.
The Florida Board of Bar Examiners filed a petition for approval of certain amendments to the Rules of the Supreme Court Relating to Admissions to the Bar. The proposed amendments have been published in The Florida Bar News, and no adverse comments have been received. Upon consideration, we approve the petition of the Bar Examiners. The rules as amended are set forth in the appendix to this opinion. The rationale submitted by the Bar Examiners for the proposed amendment is set forth after each rule. These amendments shall become effective when this opinion becomes final.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.
APPENDIX
[Additions are underlined; deletions are struck through.]
*157 Article III, Section 2.g. as it will appear:
g. A person who has been suspended for disciplinary reasons from the practice of law in a foreign jurisdiction shall not be eligible to apply for admission to The Florida Bar or the Florida Bar Examination until expiration of the period of suspension.
RATIONALE:
Occasionally, the Board encounters an applicant who was suspended from the practice of law in a foreign jurisdiction for administrative reasons (i.e., failure to pay dues or failure to comply with continuing legal education requirements). The proposed change clarifies the current language by making clear that the referenced suspension is for disciplinary reasons.
Article III, Section 4.d. as it will appear:
d. Any applicant who has been refused a favorable recommendation by the Board or any applicant or student registrant who has proceeded through the provisions of subsection b. above and is the recipient of final action by the Supreme Court of Florida either denying an applicant’s admission or finding a student registrant to be unfit for admission may, after two years from the date the Board delivered its adverse finding, file an appropriate petition with the Clerk of the Supreme Court of Florida in an attempt to show sufficient rehabilitation to warrant a review of the Board’s findings or the reevaluation by the Court of its final action. In a case where the Board found that the applicant has made material misrepresentations or false statements in the application process, then the Board may within its discretion recommend that the applicant be disqualified from petitioning the Court for a period greater than two years up to five years. The Court shall fix all investigative costs to be borne by the petitioner and remitted to the Florida Board of Bar Examiners, which Board shall serve as the Court’s investigative arm in such matters. In issuing a judgment adverse to an applicant or student registrant, the Court shall fix the date after which subsequent petitions may be filed with the Court.
RATIONALE:
Both the Court and the Board recognize the importance of truthfulness and candor by bar applicants. As recently noted by the Court in Florida Board of Bar Examiners re R.B.R., 609 So.2d 1302, 1304 (Fla.1992): “This Court will not tolerate a lack of candor from Bar applicants.”
Additionally, in the case of Florida Board of Bar Examiners re J.H.K., 481 So.2d 37, 39 (Fla.1991), the Court observed:
We further agree that the evidence of good character and rehabilitation presented by petitioner did not sufficiently offset his lack of veracity. As noted in Application of Allan S., 282 Md. 683, 689, 387 A.2d 271, 275 (1978):
While there is no litmus test by which to determine whether an applicant for admission to the Bar possesses good moral character, we have said that no moral character qualification for Bar membership is more important than truthfulness and candor.
The Board submits that the importance of truthfulness and candor by a bar applicant is a proper basis for authorizing the Board to extend the traditional two-year disqualification period up to a maximum of five years. Article IV, Section 2 as it will appear:
Section 2.a. The Board shall not recommend to the Court for admission any applicant whose Application for Admission to The Florida Bar has been on file for more than three years without reinvestigation into the applicant’s character and fitness as necessary to bring the investigation to a current status. The applicant shall be required to file a new Application for Admission to The Florida Bar answering each item for the period of time from the filing of the original application to the date of the filing of the new application stating including current references and a fingerprint card which shall be accompanied by a fee of $350.00 as provided by Article V, Seetien-3-of-the-Rules-:
(1) a fee of $350.00 as provided by Article V, Section 3 of the Rules if the new application is filed within five years of filing the original application, or
(2) a fee as provided under Article V, Sections 1 or 2.a. if the new application is filed *158 more than five years after filing the original application.
b. The Board shall not recommend to the Court for admission any applicant whose notice of successful completion of the Florida Bar Examination has been on file more than five years without reapplication for admission to the Florida Bar Examination and successful completion of all of the examination.
Article V, Section 3 as it mil appear:
Section 3. The application form described in Article IV, Section 2.a.(l) shall be accompanied by a fee of ... $350.00.
RATIONALE:
For a variety of reasons, a bar application may be on file with the Board for over three years without final action. Under the current provision of the Rules, such an application is deemed stale after three years which requires “reinvestigation into the applicant’s character and fitness as necessary to bring the investigation to a current status.” Article IV, Section 2 of the Rules. Once his or her bar application has gone stale, an applicant must comply with certain requirements including the submission of an updated Application for Admission to The Florida Bar.
The proposed rule amendment establishes a fee structure which will cover the increased costs of an investigation incurred by the Board when there is an extended period of time between the original and updated applications. Under the rule proposal, the fee remains the same for an applicant who files an updated application within five years of the original application. As for an applicant who files an updated application after five years have elapsed, the rule proposal requires the same fee as if applying for the first time.
The proposed rule amendment also provides that an applicant must retake the Florida Bar Examination if notice of successful completion of the examination is older than five years. Currently, the Rules require an applicant to file a bar application “no later than 180 days from the date of notice that success has been attained on [the Florida Bar Examination].” Article VI, Section 9 of the Rules. The intent of such requirement is to prevent an inordinate passage of time between a demonstration of minimum technical competence by completion of the bar examination and admission to The Florida Bar.
Notwithstanding the intent of the rules, certain applicants who previously passed all parts of the bar examination have gone lengthy periods of time without being admitted. Such applicants include individuals whose files were inactivated due to staleness and applicants who were previously denied a favorable recommendation by the Board.
The proposed rule creates a five-year limitation for the validity of scores from the bar examination. If over five years have elapsed from an applicant’s successful completion of the bar examination without admission to The Florida Bar, then the Board will not recommend such applicant’s admission without reexamination.
The five-year period is appropriate because that is the same length of time used by The Florida Bar in determining that a retired or delinquent member can only be reinstated “upon application to and approval by the Florida Board of Bar Examiners.” Rule l-3.7(e) of the Rules Regulating The Florida Bar. The Board submits that the inclusion of the five-year limitation will ensure a reasonable time span between the demonstration of minimum technical competence and admission to The Florida Bar.
Article IV, Section 12 as it will appear:
Section 12. Any applicant or student registrant who is dissatisfied with an administrative ruling of the Board not covered by Article III, Section 4, may, within thirty (30) days after receipt of written notice of the Board’s action, file with the Board a petition for reconsideration with a fee of $30.00 as specified under the provisions of Article V, Section 12. Only one such petition for reconsideration may be filed.
The petition must refer only to an administrative ruling by the Board and contain new and additional matter which the Board has not previously considered.
Article V, Section 12 as it will appear:
Section 12. A petition for reconsideration of a ruling by the Board involving the sus *159 pension or waiver of any rule or regulation or an order issued by the Board relating to matters other than a registrant’s or applicant’s character, fitness or general qualifications, shall be accompanied by a fee of . $30.00.
The petition must refer only to an administrative ruling by the-Board and contain new and-additional matter-which the Board has not-previously considered.
RATIONALE:
The proposed change is housekeeping in nature and simply relocates a provision containing restrictions for a petition for reconsideration from Article V to Article IV. Article VI, Section 14 as it will appear:
a. Applicants who submit to the General Bar Examination shall do so for the sole purpose of fulfilling the admission requirements for The Florida Bar, Applicants shall abide by all rules governing the administration of the General Bar Examination including the following:
(1) Applicants shall not utilize any unauthorized notes, books, or other study material while taking the examination;
(2) Applicants shall not use answers or information from other applicants while taking the examination;
(3) Applicants shall not read questions on the examination prior to the announcement to begin the examination nor shall they continue to answer any questions after the announcement to stop because the session has ended; and
(4) Applicants shall not remove any multiple-choice, machine-scored examination questions from the examination room or otherwise communicate the substance of any of those questions to persons who are employed by or associated with Bar Review courses.
b. If the Board has cause to believe that an applicant has violated any of the rules set forth above, then such applicant’s examination grades shall be impounded at the direction of the Supreme Court of Florida pending a full investigation by the Board. The Board’s investigations shall be conducted under the provisions of Article III, Sections 2 and 3.
RATIONALE:
The proposed rule amendment creates a new section which incorporates the primary rules of conduct governing the administration of the bar examination. By including the prohibitions in the Rules, the Board hopes to emphasize the seriousness of any improprieties by individuals submitting to the bar examination.
Regarding subsection a.(4), the Board has received information in the past that examinees are recruited by Bar Review courses to reproduce multiple-choice questions from Part A (Florida portion) of the General Bar Examination. Such questions are secure in that they could be reused by the Board on future administrations of the bar examination. This provision will give notice to Bar Review courses that such practice (if it does exist) is strictly prohibited.
The Board further advises that it began to assert publicly the protection under the copyright law for the secure portion of its bar examination beginning -with the February 1992 administration. The Board has also timely registered the secure portions of its February and July 1992 examinations with the United States Copyright Office in Washington, D.C. The Board will continue to assert its copyright protection and register its secure questions as to future administrations of the bar examination so as to deter infringement by third parties.